UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEBORAH BLASUCCI,

                           **Plaintiff,**                      Index No. 16-CV-08908-PGG

                **-against-**                     **<u>AMENDED ANSWER</u>**

BMP MEDIA HOLDINGS, LLC,
INTERVIEW INC., PETER M. BRANT and
KELLY BRANT,

                          **Defendants.**
-------------------------------------------------------------------X

       Defendants BMP MEDIA HOLDINGS, LLC, INTERVIEW INC., PETER M.

BRANT and KELLY BRANT by their attorneys Hoffmann & Associates, for their answer

to the complaint herein, aver as follows:


**<u>NATURE OF THE ACTION</u>**

       1.      Deny the allegations set forth in paragraph 1 of the complaint, but admit

Blasucci was an employee of Brant Publications, Inc.

       2.      Deny the allegations set forth in paragraph 2 of the complaint, but admit that

Brant Publications, Inc. terminated Blasucci's employment as of April 8, 2016.

       3.      Deny the allegations set forth in paragraph 3 of the complaint.

       4.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 4 of the complaint.

       5.      Deny the allegations set forth in paragraph 5 of the complaint.

       6.      Deny the allegations set forth in paragraph 6 of the complaint.

## THE PARTIES

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint, and deny that plaintiff was an employee or manager of defendants as of August 1, 2016.

8.     Deny the allegations set forth in paragraph 8 of the complaint.

9.     Deny the allegations set forth in paragraph 9 of the complaint.

10.     Admit the allegations set forth in paragraph 10 of the complaint.

11.     Admit the allegations set forth in paragraph 11 of the complaint.

## JURISDICTION AND VENUE

12.     Admit the allegations set forth in paragraph 12 of the complaint.

13.     Admit the allegations set forth in paragraph 13 of the complaint.

14.     Admit the allegations set forth in paragraph 14 of the complaint.

## FACTUAL BACKGROUND

**A.    Ms. Blasucci's Rights Under Her
Employment Agreement**

15.     Admit the allegations set forth in paragraph 15 of the complaint.

16.     Deny the allegations set forth in paragraph 16 of the complaint.

17.     Deny the allegations set forth in paragraph 17 of the complaint.

18.     Deny the allegations set forth in paragraph 18 of the complaint, and refer the Court to the written employment agreement between Blasucci and BPI for the terms thereof.

19.     Deny the allegations set forth in paragraph 19 of the complaint, and refer the Court to the writtenemployment agreement between Blasucci and BPI for the terms thereof.

20.     Deny the allegations set forth in paragraph 20 of the complaint, and refer the Court to the written employment agreement between Blasucci and BPI for the terms thereof.

21.     Deny the allegations set forth in paragraph 21 of the complaint.

22.     Deny the allegations set forth in paragraph 22 of the complaint.

23.     Deny the allegations set forth in paragraph 23 of the complaint, and refer the Court to the written employment agreement between Blasucci and BPI for the terms thereof.

24.     Deny the allegations set forth in paragraph 24 of the complaint.

**B.**     **Ms. Blasucci's Disability**

25.     Deny the allegations set forth in paragraph 25 of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint.

29.     Deny the allegations set forth in paragraph 29 of the complaint.

**C.**     **Ms. Blasucci's Continuing and Capable Work Performance While On Medical Leave In Accordance With Her Employment Agreement**

30.     Deny the allegations set forth in paragraph 30 of the complaint.

31.     Deny the allegations set forth in paragraph 31 of the complaint.

32.     Deny the allegations set forth in paragraph 32 of the complaint.

33.     Deny the allegations set forth in paragraph 33 of the complaint.

34.     Deny the allegations set forth in paragraph 34 of the complaint.

**D.      The Unlawful Termination of Ms. Blasucci's
          Employment Based On A Disability**

35.     Deny the allegations set forth in paragraph 35 of the complaint.

36.     Deny the allegations set forth in paragraph 36 of the complaint, but admit
that Brant Publications, Inc. terminated Blasucci's employment as of April 8, 2016.

37.     Deny the allegations set forth in paragraph 37 of the complaint, but admit
that Brant Publications, Inc. terminated Blasucci's employment as of April 8, 2016.

38.     Deny the allegations set forth in paragraph 38 of the complaint.

39.     Deny the allegations set forth in paragraph 39 of the complaint.

40.     Deny the allegations set forth in paragraph 40 of the complaint.

41.     Deny the allegations set forth in paragraph 41 of the complaint, and refer the
Court to the written employment agreement between Blasucci and BPI for the terms
thereof.

**E.      Defendants Deceived Ms. Blasucci Into Working
          Throughout Her Medical Hardships, Even Though They
          Had Already Terminated Ms. Blasucci's Employment**

42.     Deny the allegations set forth in paragraph 42 of the complaint, but admit
that Brant Publications, Inc. terminated Blasucci's employment as of April 8, 2016.

43.     Deny the allegations set forth in paragraph 43 of the complaint.

44.     Deny the allegations set forth in paragraph 44 of the complaint.

45.     Deny the allegations set forth in paragraph 45 of the complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the complaint.

48.     Deny the allegations set forth in paragraph 48 of the complaint.

49.     Deny the allegations set forth in paragraph 49 of the complaint.

**F.      Defendants Are Guilty of Disability
        <u>Discrimination and Violation of the FMLA</u>**

50.     Deny the allegations set forth in paragraph 50 of the complaint.

51.     Deny the allegations set forth in paragraph 51 of the complaint, but admit that Brant Publications, Inc. terminated Blasucci's employment as of April 8, 2016.

<u>**FIRST CAUSE OF ACTION**</u>

**(Disability Discrimination Under The New York
State Human Rights Law Against BMP and Interview)**

52.     Repeat and reallege their responses to the allegations set forth in paragraphs 1-51 of the complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the complaint.

54.     Deny the allegations set forth in paragraph 54 of the complaint.

55.     Deny the allegations set forth in paragraph 55 of the complaint.

56.     Deny the allegations set forth in paragraph 56 of the complaint.

57.     Deny the allegations set forth in paragraph 57 of the complaint.

58.     Deny the allegations set forth in paragraph 58 of the complaint.

## SECOND CAUSE OF ACTION

**(Disibility Discrimination Under The New York State
Human Rights Law Against Peter M. Brant and Kelly Brant)**

59.     Repeat and reallege their responses to the allegations set forth in paragraphs

1-58 of the complaint.

60.     Deny the allegations set forth in paragraph 60 of the complaint.

61.     Deny the allegations set forth in paragraph 61 of the complaint.

62.     Deny the allegations set forth in paragraph 62 of the complaint.

63.     Deny the allegations set forth in paragraph 63 of the complaint.

64.     Deny the allegations set forth in paragraph 64 of the complaint.

65.     Deny the allegations set forth in paragraph 65 of the complaint.

66.     Deny the allegations set forth in paragraph 66 of the complaint.

67.     Deny the allegations set forth in paragraph 67 of the complaint.

68.     Deny the allegations set forth in paragraph 68 of the complaint.

## THIRD CAUSE OF ACTION

**(Aiding and Abetting Disability
Discrimination Under The New York
State Human Rights Law Against Kelly Brant)**

69.     Repeat and reallege their responses to the allegations set forth in paragraphs

1-68 of the complaint.

70.     Deny the allegations set forth in paragraph 70 of the complaint.

71.     Deny the allegations set forth in paragraph 71 of the complaint.

72.     Deny the allegations set forth in paragraph 72 of the complaint.

## FOURTH CAUSE OF ACTION

**(Disability Discrimination Under The New York
City Human Rights Law Against BMP and Interview)**

73.     Repeat and reallege their responses to the allegations set forth in paragraphs
1-72 of the complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of
the allegations set forth in paragraph 74 of the complaint.

75.     Deny the allegations set forth in paragraph 75 of the complaint.

76.     Deny the allegations set forth in paragraph 76 of the complaint.

77.     Deny the allegations set forth in paragraph 77 of the complaint.

78.     Deny the allegations set forth in paragraph 78 of the complaint.

## FIFTH CAUSE OF ACTION

**(Disability Discrimination Under The New York City
Human Rights Against Peter M. Brant and Kelly Brant)**

79.     Repeat and reallege their responses to the allegations set forth in paragraphs
1-79 of the complaint.

80.     Deny the allegations set forth in paragraph 80 of the complaint.

81.     Deny the allegations set forth in paragraph 81 of the complaint.

82.     Deny the allegations set forth in paragraph 82 of the complaint.

83.     Deny the allegations set forth in paragraph 83 of the complaint.

84.     Deny the allegations set forth in paragraph 84 of the complaint.

85.     Deny the allegations set forth in paragraph 85 of the complaint

86.     Deny the allegations set forth in paragraph 86 of the complaint.

87.     Deny the allegations set forth in paragraph 87 of the complaint.

88.     Deny the allegations set forth in paragraph 88 of the complaint.

**SIXTH CAUSE OF ACTION**

**(Aiding and Abetting Disability
Discrimination Under The New York
City Human Rights Law Against Kelly Brant)**

89.     Repeat and reallege their responses to the allegations set forth in paragraphs

1-88 of the complaint.

90.     Deny the allegations set forth in paragraph 90 of the complaint.

91.     Deny the allegations set forth in paragraph 91 of the complaint.

92.     Deny the allegations set forth in paragraph 92 of the complaint.

**SEVENTH CAUSE OF ACTION**

**(Disability Discrimination Under The Americans With
Disability Act Against BMP and Interview)**

93.     Repeat and reallege their responses to the allegations set forth in paragraphs

1-92 of the complaint.

94.     Deny the allegations set forth in paragraph 94 of the complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 95 of the complaint.

96.     Deny the allegations set forth in paragraph 96 of the complaint.

97.     Deny the allegations set forth in paragraph 97 of the complaint.

98.     Deny the allegations set forth in paragraph 98 of the complaint.

99.     Deny the allegations set forth in paragraph 99 of the complaint.

100.    Deny the allegations set forth in paragraph 100 of the complaint.

## EIGHTH CAUSE OF ACTION

### (Violations of The FMLA Against All Defendants)

101.    Repeat and reallege their responses to the allegations set forth in paragraphs

1-100 of the complaint.

102.    Deny the allegations set forth in paragraph 102 of the complaint.

103.    Deny the allegations set forth in paragraph 103 of the complaint.

104.    Deny the allegations set forth in paragraph 104 of the complaint.

105.    Deny the allegations set forth in paragraph 105 of the complaint.

106.    Deny the allegations set forth in paragraph 106 of the complaint.

107.    Deny the allegations set forth in paragraph 107 of the complaint.

108.    Deny the allegations set forth in paragraph 108 of the complaint.

109.    Deny the allegations set forth in paragraph 109 of the complaint.

110.    Deny the allegations set forth in paragraph 110 of the complaint.

## NINTH CAUSE OF ACTION

### (Tortious Interference With Contract Against All Defendants)

111.    Repeat and reallege their responses to the allegations set forth in paragraphs

1-110 of the complaint.

112.    Deny the allegations set forth in paragraph 112 of the complaint.

113.    Deny the allegations set forth in paragraph 113 of the complaint.

114.    Deny the allegations set forth in paragraph 114 of the complaint.

115.    Deny the allegations set forth in paragraph 115 of the complaint.

116.    Deny the allegations set forth in paragraph 116 of the complaint.

## NINTH CAUSE OF ACTION

### (Fraud Against Kelly Brant, BMP and Interview)

117.    Repeat and reallege their responses to the allegations set forth in paragraphs

1-116 of the complaint.

118.    Deny the allegations set forth in paragraph 118 of the complaint.

119.    Deny the allegations set forth in paragraph 119 of the complaint.

120.    Deny the allegations set forth in paragraph 120 of the complaint.

121.    Deny the allegations set forth in paragraph 121 of the complaint.

122.    Deny the allegations set forth in paragraph 122 of the complaint.

## TENTH CAUSE OF ACTION

### (Negligent Misrepresentation
### Against Kelly Brant, BMP and Interview)

123.    Repeat and reallege their responses to the allegations set forth in paragraphs

1-122 of the complaint.

124.    Deny the allegations set forth in paragraph 123 of the complaint.

125.    Deny the allegations set forth in paragraph 124 of the complaint.

126.    Deny the allegations set forth in paragraph 125 of the complaint.

## ELEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional
### Distress Against Kelly Brant, BMP and Interview)

127.    Repeat and reallege their responses to the allegations set forth in paragraphs

1-126 of the complaint.

128.    Deny the allegations set forth in paragraph 128 of the complaint.

129.    Deny the allegations set forth in paragraph 129 of the complaint.

130.    Deny the allegations set forth in paragraph 130 of the complaint.

131.    Deny the allegations set forth in paragraph 131 of the complaint.

132.    Deny the allegations set forth in paragraph 132 of the complaint.

133.    Deny the allegations set forth in paragraph 133 of the complaint.

134.    Deny the allegations set forth in paragraph 134 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

135.    Plantiff's allegations against each of the defendants fail to set forth legally cognizable claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

136.    Defendants are not subject to the jurisdiction of the FMLA.

## THIRD AFFIRMATIVE DEFENSE

137.    Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, unclean hands and the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

138.    Plaintiff's claims are barred by virtue of her written agreement to arbitrate such disputes.

## FIFTH AFFIRMATIVE DEFENSE

1.    The Court should decline to exercise pendant jurisdiction over plaintiff's claims against defendants arising under New York law.

## SIXTH AFFIRMATIVE DEFENSE

2.    Plaintiff has failed to plead fraud against defendants with the specific particularity required under New York law.

**WHEREFORE,** defendants BMP Media Holdings, LLC, Interview, Inc., Peter M. Brant and Kelly Brant demand that the complaint be dismissed in its entirety and that they each be awarded the costs, disbursements and reasonable attorneys' fees necessitated by this action and such further relief as the Court shall deem appropriate.

Respectfully submitted,

Dated: New York New York
      May 22, 2017

**HOFFMANN & ASSOCIATES**

By:      **/s/Andrew S. Hoffmann**
       Andrew S. Hoffmann
       *Andrew.Hoffmann@HoffmannLegal.com*
       Tram D. LoPresto
       *Tram.LoPresto@HoffmannLegal.com*
       450 Seventh Avenue, Suite 1400
       New York, New York 10123
       Ph:  (212) 679-0400
       Fax:  (212) 679-1080
       *Counsel for Defendants*